294 S.E.2d 157

**STATE of West Virginia**

v.

**Keith Allen HANSHAW.**

**No. 14811.**

Supreme Court of Appeals of West Virginia.

July 7, 1982.

Paul S. Perfater, Charleston, for appellant.

Chauncey H. Browning, Atty. Gen., and Marianne K. Hoover, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

Keith Allen Hanshaw appeals a ruling of the Circuit Court of Kanawha County finding him guilty of grand larceny. The ap-

pellant assigns as error the trial court's refusal to grant his motion to suppress evidence of any physical objects taken from or belonging to the appellant. Because the items were in plain view and the police officer took the proper action, we affirm.

On 19 October 1977 the appellant pulled his flat bed truck into the Go-Mart parking lot on Patrick Street in Charleston, West Virginia. A Charleston policeman was at the Go-Mart when the appellant arrived. The policeman was just preparing to leave in his cruiser when his attention was drawn to the truck that the appellant had just parked next to him. The policeman noticed several ladders loaded haphazardly in the rear of the truck. The appellant told the policeman (who had known the appellant for seven years and had helped prosecute the appellant for prior criminal activity) that he had just returned from purchasing the ladders and other hardware in Virginia but that he did not have a bill of sale and that he did not want to get anyone in trouble so he would not say from whom he obtained the goods. The policeman testified that, although he was unable to see any writing on the ladders, he did see boxes marked "KVD" (Kanawha Valley Distributors), and that the appellant could not have driven very far because of the manner in which the truck was loaded.

The appellant agreed to go to the police station, and his truck was towed there as well. The officer learned that there had been a breaking and entering at Pile Hardware on West Washington Street and then noticed "F.M. Pile" on the ladders. The police called the manager of Pile Hardware who then came and identified the items on the truck as those missing from his warehouse. A warrant for the appellant's arrest was obtained at night court, and he was subsequently indicted on a two-count indictment charging breaking and entering and entering without breaking. At trial on 15 August 1978 the jury returned a verdict of grand larceny, and the appellant was sentenced to a term of one to five years at the West Virginia State Penitentiary.

■ The discovery and seizure of the stolen goods was proper.

A warrantless seizure of property in plain view is constitutionally permissible provided three requirements are met: 1) the police must observe the evidence in plain sight without benefit of a search [without invading one's reasonable expectation of privacy], 2) the police have a legal right to be where they are when they make the plain sight observation and, 3) the police have probable cause to believe that the evidence seen constitutes contraband or fruits, instrumentalities or evidence of crime.

Syllabus point 6, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981); Syllabus point 7, *State v. Moore*, 165 W.Va. 837, 272 S.E.2d 804 (1980); Syllabus point 3, in part, *State v. Stone*, 165 W.Va. 266, 268 S.E.2d 50 (1980). These requirements were met and consequently the denial of the motion to suppress was proper.

Accordingly, for the reasons set forth above, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.